In the Matter of Jerry Lee PETEET.

No. 45S00–9503–DI–390.

Supreme Court of Indiana.

May 8, 1997.

Albert E. Marshall, Jr., Gary, for Respondent.

David B. Hughes, Trial Counsel, Indianapolis, for The Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

The respondent in this case, Jerry Lee Peteet, has been charged with failing to hold property of clients or third persons separate from his own property,[1] knowingly making false statements of material fact in connection with a disciplinary matter,[2] failing to disclose a fact necessary to correct a misapprehension known to have arisen in connection with a disciplinary matter,[3] and engaging in conduct involving dishonesty, fraud, deceit and misrepresentation.[4] In accordance with the provisions set forth in Ind.Admission and Discipline Rule 23, a hearing officer was appointed in this case, conducted a hearing, and has filed his report to this Court. Respondent petitions for review.

Respondent's petition for review consists of a two page document challenging various findings reached by the hearing officer. In that the respondent has not provided a record of the evidence before the hearing officer relating to the contested findings, as required by Admis.Disc.R. 23(15)(b), we will consider respondent's petition for review only to the extent it challenges conclusions of law based on the hearing officer's factual findings.

Upon review of the hearing officer's report, this Court now finds that the respondent, an attorney subject to the professional discipline of this Court, on July 30, 1990,

1. *Prof.Cond.R. 1.15(a)* provides that "a lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property."

2. *Prof.Cond.R. 8.1(a)* provides that "a lawyer in connection with ... a disciplinary matter, shall not knowingly make a false statement of material fact."

3. *Prof.Cond.R. 8.1(b)* provides that "a lawyer, in connection with ... a disciplinary matter, shall

not fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6."

4. *Prof.Cond.R. 8.4(c)* provides that "it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

opened a checking account entitled "Attorney Jerry L. Peteet, Trust Account." Respondent did not understand that the term "trust account" was necessarily used by attorneys to designate checking accounts where clients' funds would be deposited. Respondent intended to use this account as his general business account. On October 22, 1994, the respondent attempted to pay his disciplinary fees with a check drawn on this account, # 1253. The check failed to clear. On November 14, 1994, the respondent advised the disciplinary commission that there were sufficient funds in the account, and check # 1253 was re-submitted. The check again failed to clear. Thereafter, the amount was paid by a personal money order.

The above noted events prompted an inquiry from the Disciplinary Commission about the use of respondent's trust account. In response, the respondent stated in a written correspondence, among other things, the following:

"My account NBD # 5882618 ... is my office and personal account ... Due to the nature of my practice, I don't retain nor (sic) escrow monies of clients."

Respondent used his "trust account" as a business checking account to pay for personal business expenses not directly related to his representation of clients. In addition, contrary to the representations to the commission, respondent retained money on behalf of clients. On February 2, 1994, a client received a settlement check for $3,000 which was commingled in the trust account for approximately one week. On the same day, another client received a settlement check for $8,115.70 which also was commingled in the trust account for one week. On February 15, 1994, another client received a settlement check for $11,000 which was commingled for approximately one week in the trust account.

In light of the above noted findings of fact, this Court now concludes that the respondent failed to hold property belonging to clients separate from his own; knowingly made a false statement of material fact in connection with a disciplinary matter; failed to disclose facts to the Disciplinary Commission necessary to correct a misapprehension known to have arisen in connection with a disciplinary matter; and engaged in conduct involving misrepresentation to the Disciplinary Commission. Respondent's conduct was in violation, respectively, of Professional Conduct Rules 1.15, 8.1(a), 8.1(b), and 8.4(c) of *The Rules of Professional Conduct for Attorneys at Law.*

It is now the duty of this Court to assess an appropriate disciplinary sanction for the misconduct found in this case. The hearing officer did not recommend a specific sanction, but did recommend that any sanction be accompanied by the requirement that the respondent attend a course of instruction concerning lawyer ethics and client trust accounts. The hearing officer specifically found that the respondent's errors were the product of his lack of knowledge as to the proper procedure in setting up his law practice. There was no intent to harm or defraud any clients. No client was actually harmed by his actions.

The *Rules of Professional Conduct* are very clear. *Prof.Cond.R. 1.15(a)* requires that lawyers segregate funds belonging to clients. The purpose of this provision is to safeguard clients' property. It is difficult to understand how the respondent failed to appreciate the significance of this aspect of client protection. The fact that actual harm did not occur is fortunate, but not controlling. Respondent placed the property of his clients at risk in the office procedures he employed. This is contrary to the rules and he should have known it. Furthermore, when questioned by the commission concerning his trust account procedures, respondent's reply was at best, disingenuous.

In light of the professional misconduct found in this case, this Court now concludes that a period of suspension is warranted. Additionally, respondent needs additional training on the responsibilities with regard to client funds. Accordingly, it is hereby ordered that the respondent, Jerry Lee Peteet, is suspended from the practice of law for a period of thirty days beginning June 9, 1997. At the conclusion of this period of suspension, the respondent shall be readmitted to the practice of law subject to the condition that, within six months of the date of this

opinion, he complete a course of training on trust account procedures as approved by the Disciplinary Commission of this Court.

Costs of this proceeding are assessed against the respondent.